**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 00-4341

DAVID L. GOWDY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-504)

Submitted: September 20, 2000

Decided: October 17, 2000

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James D. Dotson, Jr., Lake City, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Rose Mary Davis Parham, Assis-
tant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David L. Gowdy pled guilty to one count of conspiracy to possess with intent to distribute and to distribute MDMA ("ecstacy") in violation of 21 U.S.C.A. § 846 (West 1999). On appeal, Gowdy contends that the district court erred by not considering application note 11 to U.S. Sentencing Guidelines Manual § 2D1.1 (1998) in determining the amount of MDMA attributable to Gowdy. Finding no reversible error, we affirm.

A district court's legal applications of the sentencing guidelines is reviewed de novo. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). Under application note 11 to USSG§ 2D1.1, which indicates the typical weight of doses, pills, or capsules containing certain controlled substances, it states that "the weight per unit shown is the weight of the actual controlled substance, and not generally the weight of the mixture or substance containing the controlled substance." However, application note 11 does not contain a typical weight for MDMA capsules.* Under Note (A) of the"Notes to Drug Quantity Table," contained in USSG § 2D1.1, it states that "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Although this note refers to the Drug Quantity Table in USSG§ 2D1.1(c), this Court has applied the same principle to the drugs listed in the drug equivalency table. See United States v. Bayerle , 901 F.2d 27, 29 (4th Cir. 1990); see also United States v. Meitinger , 901 F.2d 27, 29 (4th Cir. 1990).

We find that application note 11 does not pertain to MDMA. Because Gowdy's base offense level was determined by using the

_____

*Application note 11 expressly applies to MDA. Gowdy's assertion that MDMA and MDA are chemically related so as to merit treating them identically under application note 11 has not been substantiated by scientific facts in the record. Because the record in this present appeal does not contain this information, a record to support this assertion would have to be developed in a collateral proceeding.

2

drug equivalency table, the district court did not err by including the gross weight of the MDMA mixture and capsules.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3

u